DE CRISTOFORO, PLAINTIFF-APPELLANT, *v.* KEPP,
DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26067.   Decided November 16, 1962.

*Mr. Harold D. Dachman,* for plaintiff-appellant.
*Mr. Salvatore A. Precario,* for defendant-appellee.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth
District, sitting by designation in the Eighth District.)

COLLIER, J.   The plaintiff-appellant, Giovoni De Cristoforo,
obtained a default judgment against the defendant-appellee,
Daniel M. Kepp, on January 2, 1960, in the Municipal Court of
Cleveland.   The action was for personal injury alleged to have

been sustained by the plaintiff when he was bitten by a dog owned by the defendant.

On February 8, 1962, the plaintiff filed an affidavit in aid of execution on the judgment. On March 5, 1962, the defendant filed his petition to vacate the judgment on the ground that he had not been served with process. On April 20, 1962, the trial court vacated the default judgment and gave the defendant leave to file his answer. From this judgment the plaintiff has perfected his appeal on questions of law to this court.

Two questions are presented for determination in this appeal: 1) Is an order vacating a judgment after the term in which it was rendered a final order and subject to review? 2 Ohio Jurisprudence, 656, Section 70, reads:

"Where the motion is filed at a subsequent term, the order vacating or setting aside the judgment has generally been held to be a final order for purposes of appeal on questions of law."

And in the case of *Kahn's Jewelers* v. *Truss et al.*, 112 Ohio Ohio App., 341, 176 N. E. (2d), 310, the first headnote reads:

"An order vacating a judgment after term is a final, appealable order."

The first question must be answered in the affirmative.

2) Was the evidence sufficient to support the order vacating the default judgment? An examination of the bill of exceptions discloses that the summons was served on the defendant by mail in conformity with the provisions of Section 2703.23, Revised Code, and Rule No. 7 of the Cleveland Municipal Court; that a copy of the summons was deposited in the mail and addressed to the defendant at his place of residence, and that the envelope was not returned by the postal authorities.

This evidence uncontroverted showed good service of process on the defendant. However, the defendant and his wife deny that the letter containing the summons was ever received and claim that they had no knowledge of the default judgment until the proceeding in aid of execution was begun.

Thus the evidence to establish the ground for vacating the judgment is in conflict.

The record (P 13) also shows:

"(Discussion was held of the record)

"The Court: It is stipulated that in lieu of testimony it is

agreed you do have a valid defense. Is there anything further on either side?''

The general rule is that where the evidence is in conflict and there is credible evidence to support the judgment, a reviewing court will not disturb the finding or judgment of the trial court. In the case at bar with the evidence to rebut the presumption of regularity of service of summons on the defendant in conflict and the stipulation that the defendant had a valid defense to the original action, the trial court was correct in vacating the judgment.

The judgment is, therefore, affirmed.

RADCLIFF, P. J., and BROWN, J., concur.